## THE SONORA.

**SULPHUR EXPORT CORPORATION et al. v. THE SONORA et al. (two cases).**

Nos. 1779, 1780.

District Court, S. D. Texas, Galveston Division.

Sept. 5, 1942.

Fulbright, Crooker, Freeman & Bates, of Houston, Tex., and Armstrong, Cranford, Barker & Bedford, of Galveston, Tex., for libellants.

Douglas W. McGregor, U. S. Atty., of Houston, Tex., and Harold B. Finn, Sp. Asst. to the Atty. Gen., for the United States.

KENNERLY, District Judge.

The Motor Ship "Sonora" is in the custody of this Court in these suits in admiralty—proceedings in rem by libellants against such vessel, and in personam against her owners, for damages to cargo, etc. Moving under 46 U.S.C.A. § 1242, the United States of America has requisitioned the vessel for the national defense and with permission of the Court has intervened herein, praying that the right of the Government to requisition the vessel be recognized and that she be delivered to the War Shipping Administrator, etc. Libellants have filed answer to the Government's intervention and at the hearing the proctors for libellants and respondents have appeared. The pleadings show the facts necessary to decision:

My conclusions are as follows:

■ (1) Section 1242 makes provision for the requisitioning by the Government of vessels "owned by citizens of the United States" during a national emergency and for the payment of "just compensation" therefor, and is clearly valid.

■ (2) The right of the Government to so requisition a vessel is not affected by such vessel being in the custody of a court of admiralty as is the "Sonora". The Pietro Campanella, D.C., 41 F.Supp. 656, 659.

■ While not entirely free from doubt, it is sufficiently shown that the "Sonora" was at the time she was requisitioned by the Government owned by citizens of the United States.

■ (4) If and when this Court recognizes the requisitioning of the "Sonora" by the Government and directs that she be delivered to such administrator, jurisdiction to determine the issues in these cases is not lost. The obligation of the Government under Section 1242 to pay just compensation is sufficient security and takes the place of the vessel and the litigation may proceed. The Kaiser Wilhelm II, 3 Cir., 246 F. 786, L.R.A.1918C, 795, United States v. The Little Charles, Fcd. Cas. No. 15,612.

■ (5) While this Court may not fix the amount of compensation to be paid by the Government for the vessel, the Government as between the parties hereto is bound by the final judgment in these cases with respect to whom such compensation should be paid, and the Court may so provide in the order for delivery. The Pietro Campanella, supra.

It follows from what has been said that the Government is entitled to have the "Sonora" delivered to such administrator. Let an order drawn in accordance with this memorandum be presented.